Johnnie Ray TAYLOR, Appellant,

v.

STATE of Missouri, Respondent.

No. 40265.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 24, 1979.

John J. Allan, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Richard Engel, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant appeals from denial of his Rule 27.26 motion following an evidentiary hearing. Movant was convicted by a jury of the charge of Assault with Intent to Maim with Malice and was sentenced by the court under the Second Offender Act to serve a term of ten years in the Department of Corrections. Defendant, prior to sentencing, withdrew his motion for new trial and waived his right to appeal.

On appeal from denial of his 27.26 motion movant contends that the court erred in failing to vacate sentence because of what he alleges to have been ineffective assistance of counsel. In his only point on appeal he claims that the evidence showed that his attorney failed to "interview a vital witness, the name and address of whom he had in his possession. That the defense counsel overlooked or inadequately investigated or did not subpoena the documents and records that would have strongly suggested that the defendant and the co-defendant were not together at the time of the alleged incident."

On appeal, the ruling of the trial court shall be sustained unless the findings, conclusions and judgment are clearly erroneous. *Haynes v. State*, 534 S.W.2d 552, 554–555 (Mo.App.1976).

At trial, the movant's defense was that of alibi. His 16 year old girlfriend Pamela

Elder testified that she, defendant's good friend Louis Barnes, defendant's brother Danny Taylor, and others were with defendant at a tavern in East St. Louis, Illinois at the time the assault allegedly was occurring in St. Louis, Missouri. The defendant did not testify in his own defense and no other alibi witnesses testified.

It appears from the record that movant is complaining because his attorney failed to subpoena Barnes and his brother. At the 27.26 hearing movant testified that he had told his attorney of these witnesses. Taylor stated that the morning of trial, his attorney indicated that the witnesses were not present, and that they had not been subpoenaed. He said a continuance was not requested because he was told by his attorney that the Judge was upset over the number of continuances already granted. Movant admitted that the witnesses' testimony would have been the same as that of Ms. Elder. Barnes testified at the hearing that he and Ms. Elder had gone to the office of the defense attorney, and that Barnes had given counsel his address since he could not be reached by telephone. Ms. Elder testified that the attorney interviewed both herself and Barnes, and that she gave the attorney her telephone number. Further, Ms. Elder stated that defense counsel informed her by phone of the trial date and asked that she contact Barnes.

Defendant's attorney testified that he specialized in criminal law and that he had served as a prosecutor. As prosecutor and defense attorney he had been involved in "hundreds" of criminal cases. Counsel noted that movant had initially arranged for Ms. Elder and Barnes to meet with him. According to the attorney, he discussed with them "what they knew about the incident" that "Taylor was charged with." He stated that he did not feel a need to subpoena them: "They were friendly to the defendant and voluntarily came in to talk to me in his behalf to establish an alibi, and I figured that it wasn't necessary to subpoena a friendly witness, just to call them up and tell them we need you in court and come in." Counsel said he called Ms. Elder to appear at trial and asked how he could

reach Barnes. He said she indicated she didn't know where he was and, at counsel's request, said she would get hold of him. He contacted Ms. Elder again; she said Barnes was gone and his whereabouts were unknown. Regarding defendant's brother, it was counsel's understanding that he was either in the service or driving a cross-country truck and was, therefore, unavailable to testify. Late in the evening of the day defense counsel rested his case, he received a call from defendant's brother stating that he wanted to testify. Counsel told him to be at the courtroom the next morning. At that time, counsel asked the court to allow him to reopen the case but the state objected claiming that the testimony was cumulative. The court sustained the objection.

■ Movant claims ineffectiveness of counsel not only by the alleged failure to subpoena these witnesses, but also because the logbook kept at the halfway house where he and his co-defendant were staying should have been introduced into evidence. His attorney stated that he did not use the logbook as evidence because it would have shown that movant had been away from the house the entire night the crime took place. This record, in counsel's opinion, would have been harmful, not helpful, to Taylor's case.

At the conclusion of the evidentiary hearing, the trial court found that movant's attorney "adequately, effectively and competently represented movant." The credibility of the witnesses was a matter for the trial court at the 27.26 evidentiary hearing, *Baysinger v. State*, 552 S.W.2d 359 (Mo. App.1977). We cannot say that the trial court was "clearly erroneous" in finding counsel not ineffective. The matter of introducing the logbook into evidence was clearly a trial tactic. *Milentz v. State*, 545 S.W.2d 688 (Mo.App.1976). Regarding the witnesses, counsel had been told that movant's brother was unavailable. When he did appear, counsel attempted to re-open the case. Movant's allegation that counsel failed to interview Barnes is refuted by all the witnesses. Counsel made an effort to

secure the presence of Barnes but was told his whereabouts were unknown.

Furthermore, we are not ready to say that counsel is ineffective for failure to subpoena family members and close friends who appear to him to be friendly and desirous of testifying in behalf of a defendant.

 Moreover, at the time movant withdrew his motion for new trial and waived his appeal, he knew he had been convicted without the testimony of either of these witnesses. We believe this withdrawal constituted a waiver of any claim he had for ineffective assistance of counsel as to matters he had knowledge of at that time.

Affirmed.

GUNN and CRIST, JJ., concur.