**Robert BRYANT, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 42198.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 23, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 1980.

Leonard W. Buckley, Jr., St. Louis, for movant–appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

DOWD, Presiding Judge.

This is an appeal from the denial, after an evidentiary hearing, of a Rule 27.26 motion.

Robert Bryant, the movant–appellant, pleaded guilty to the charge of assault with intent to kill with malice aforethought and was sentenced to twelve years imprisonment on August 3, 1978. Approximately one year later the movant brought a Rule 27.26 motion alleging ineffective assistance of counsel. An evidentiary hearing was held and movant's motion was denied. In this appeal from the denial, movant alleges that the trial court's findings of fact and conclusions of law are not supported by the evidence adduced at the evidentiary hearing and do not address all the issues raised by movant in his motion.

■ Movant contends on this appeal that the trial court failed to make findings of fact and conclusions of law on all the issues he presented, as required by Rule 27.26(i). We disagree. In his motion, movant alleged ineffectiveness of counsel in two respects: (1) failure to investigate the case, and (2) insufficient representation necessary for movant to have entered a voluntary and understanding guilty plea because his attorney did not present his defense of self–defense. The trial court found that movant's attorney did not fail to investigate the case. As to movant's guilty plea, the court found it was not coerced, was not involuntary and that movant's counsel was justified in advising movant to accept the State's offer in view of the prospective evidence and movant's prior record.

■ Movant next asserts that the trial court's findings of fact and conclusions of law are not supported by the evidence adduced at the evidentiary hearing. Specifically, movant challenges the trial court's finding that movant's attorney interviewed movant numerous times prior to entry of the guilty plea. This court's review is limited to deciding whether the findings, conclusions and judgment of the trial court were

clearly erroneous. Rule 27.26(j); *Burroughs v. State*, 590 S.W.2d 695, 697 (Mo. App.1979). Findings and conclusions are clearly erroneous only if, after review of the *entire record*, the court is left with the definite and firm conviction that a mistake has been made. *Keller v. State*, 566 S.W.2d 260, 263 (Mo.App.1978); *State ex rel. Reece v. Campbell*, 551 S.W.2d 292, 298 (Mo.App. 1977). The record indicates that movant met very briefly with his attorney one or more times while awaiting trial, but the merits of the forthcoming case were not discussed. Several days prior to entering the guilty plea, movant and his attorney discussed the case, potential witnesses and the possibility of arguing self–defense at trial. Movant and his attorney again discussed the merits of the case on the day movant pleaded guilty. Our review of the entire record indicates that the trial court's findings and conclusions concerning the effective assistance of counsel were not clearly erroneous.

 Once a guilty plea has been entered, the determination of the adequacy of representation is reviewable only to the extent it affected the voluntariness and understanding of the plea. *Helms v. State*, 584 S.W.2d 607, 609 (Mo.App.1979); *Gilmore v. State*, 578 S.W.2d 71, 72 (Mo.App. 1979). Movant contends his attorney did not investigate the case and that his plea was not voluntarily and knowingly made because the attorney did not present his claim of self–defense. The trial court found and the record demonstrates that movant's case was investigated. Movant mentioned three potential witnesses at the evidentiary hearing on his motion. Movant admitted that two of these witnesses were not present when the incident occurred, and that the attorney's investigator had interviewed one of these witnesses nonetheless. The third potential witness was endorsed as a State's witness, and movant's attorney testified that this witness was also interviewed by his investigator. Also, the attorney filed two subpoenas duces tecum and a motion to suppress alleged oral statements made by movant when arrested. As to the self–defense claim, movant and his attorney discussed the possibility of raising the defense at trial, and whether the movant should testify in light of his prior conviction for assault. Movant admitted at the evidentiary hearing that his attorney initially recommended a plea of not guilty. During the guilty plea hearing movant stated that he understood the charge against him and that he was waiving his right to a jury trial. Movant also stated that he was aware of the recommended sentence of twelve years. It is clear from a review of the entire record that movant made a voluntary and understanding plea of guilty.

Judgment affirmed.

CRIST and REINHARD, JJ., concur.