James Edmond FLOWERS,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 12528.

Missouri Court of Appeals,
Southern District,
Division Three.

April 7, 1982.

Motion for Rehearing Overruled and
Transfer to Supreme Court Denied
April 23, 1982.

Application to Transfer Denied
May 17, 1982.

Scott E. Walter, Public Defender, Benton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Presiding Judge.

Post-conviction motion to vacate 20-year prison sentence entered in 1976 upon movant James Edmond Flowers' plea of guilty to assault with intent to kill with malice aforethought [§ 559.180, RSMo 1969]. We affirm.

Movant and his brother, Bernie Dean Flowers, were jointly charged in New Madrid County with shooting Trooper Herbert A. Campbell of the Missouri State Highway Patrol in July, 1975. The brothers were being sought by Southeast Missouri law enforcement officers for committing an armed robbery in Pemiscot County [1] and Trooper Campbell had stationed himself on the Missouri side of the Mississippi River at the Tiptonville ferry landing. The brothers arrived in a taxicab and Trooper Campbell placed them under arrest. In the process of the officer's attempting to search and handcuff the two men, the movant pulled a .41 caliber pistol from his belt and shot the trooper in his stomach and shoulder. A deckhand on the ferry armed himself with a pistol and went to the aid of the wounded officer and held the pair at gunpoint until other officers arrived and took them into custody.[2]

The brothers were charged in New Madrid County with the shooting of Trooper Campbell. Attorney Charles C. Hatley of New Madrid was appointed to represent the two men and after a preliminary hearing

was conducted, they were ordered held for circuit court. After the information was filed in New Madrid County Circuit Court, they were transported to State Hospital No. 4 at Fulton for mental examinations. They were returned to New Madrid and formally arraigned in circuit court by the Honorable William L. Ragland. The two defendants entered pleas of not guilty and their case was set for trial approximately six weeks later. Shortly after their arraignment, the defendants were granted a change of venue and change of judge to the Circuit Court of Mississippi County before the Honorable Marshall Craig.

On January 13, 1976, movant, his brother, Attorney Hatley, and the prosecuting attorney of New Madrid County appeared before Judge Craig. The defendants were again formally arraigned and advised the court they desired to enter pleas of guilty to the charge. Before accepting the proposed pleas, the learned and experienced trial judge carefully and meticulously interrogated the brothers at great length concerning the voluntary nature of their pleas, as well as explaining in minute detail their various rights under the law, and the consequences of their guilty pleas. In accepting their pleas, Judge Craig made the following finding:

"The Court finds that the defendants have voluntarily entered their plea of guilty; they have done so understandingly with knowledge of the consequences, and that their plea is not made out of fear, ignorance, coercion or inadvertence, and the defendants admit the essential elements of the crime."

Movant was sentenced to a 20-year prison term and his younger brother sentenced to serve four years.

---

1. We are advised by the Attorney General that movant, following a change of venue from Pemiscot County to Carter County, and after his plea and sentencing in this case, entered a plea of guilty to first degree robbery and was sentenced to ten years imprisonment—the sentence to run concurrent with his 20-year sentence.

2. It appears that movant and his brother were first lodged in the Pemiscot County jail at Caruthersville (for 14 days according to movant) and then transported to the New Madrid County jail at New Madrid. Following their change of venue from New Madrid County they were taken to the Mississippi County jail at Charleston.

Approximately two months later movant filed a motion to vacate his sentence. As grounds for relief he alleged police brutality by troopers of Missouri State Highway Patrol Troop E, cruel and unusual punishment and treatment by New Madrid and Pemiscot sheriffs and deputy sheriffs and that he was denied all of his constitutional rights while he was incarcerated in the two jails. Facts alleged in support of the grounds were that he was badly beaten and told he was going to be killed after he was arrested; that for 14 days in the Pemiscot County jail he had no mattress or blankets to sleep on and was denied soap, showers, clean clothes, visits, and medical attention; further, that his constitutional rights were violated when he could not see a doctor, make a telephone call, or have a lawyer present during questioning.

Attorney Hatley was appointed to represent movant in his post-conviction proceeding. Thereafter, movant filed another motion to vacate his sentence, alleging neglect of duty by his attorney and Judge Craig in failing to reply to his correspondence concerning his original motion to vacate his sentence; that the punishment for his offense was limited to not more than five years imprisonment; and, that his attorney at "trial" was incompetent because the attorney did not see or get in touch with movant in the six month period between the attorney's appointment and movant's "trial"; further, that more than 90 days had passed without a setting by the trial court of his first motion to vacate sentence.

Judge Craig set movant's motions for hearing for November 17, 1976, and appointed Attorney John Hopkins of Charleston as co-counsel for movant. The State filed a motion to dismiss the proceedings, averring movant had not set forth grounds entitling him to post-conviction relief.

At the hearing, both Attorneys Hatley and Hopkins appeared on behalf of movant. Judge Craig indicated he would consider movant's second motion to vacate his sentence as an amendment to his earlier motion. The State introduced the original court file and a transcript of the sentencing in support of its motion to dismiss. Judge Craig took the matter under advisement, together with Attorney Hatley's request that movant be granted an evidentiary hearing on his various allegations.

On December 2, 1976, Judge Craig entered an order dismissing the proceeding. His written findings of fact and conclusions of law, in part, are as follows:

"In the original case which originated in New Madrid County, the defendant took a change of venue to Mississippi County. He does not allege that he was in any way mistreated in Mississippi County or at any time near the time he entered his plea of guilty. Such mistreatment as he alleges, took place in New Madrid or Pemiscot counties. He does not allege that such mistreatment as he felt that he received influenced his decision to enter a plea of guilty. He was afforded a full preliminary hearing, with his attorney present. This took place in New Madrid County. Thereafter followed the change of venue to Mississippi County.

"The record clearly shows that he voluntarily entered his plea of guilty. His rights were gone over with him; he was advised of the range of punishment and the facts were gone into and he stated that those were the facts that he was entering a plea of guilty to and when he was asked if this was his decision and if he wanted the Court to accept his plea, he answered 'yes'. He was asked if anyone had made him any promises and if anyone had abused him and to these questions he answered 'no'. He was given additional time to consult his attorney during the time of the plea and then reaffirmed his desire to enter a plea of guilty. The Court found that his plea was voluntary, understandingly entered with knowledge of the consequences. The record refuts [sic] all contentions of the movant. His attorney fully informed him of his rights and movant told the Court that he understood all of this rights.

"This Court has jurisdiction of these proceedings.

"The punishment was within the statutory range for the charge of felonious assault with intent to kill with malice aforethought.

"The record clearly indicated that he entered his plea of guilty voluntarily, with full understanding of his rights and with information as the consequences of his plea.

"Movant at all times had adequate and competent counsel.

"The record clearly and conclusively shows that movant was not entitled to relief and thus the movant was not entitled to evidentiary hearing.

"The movant did not allege facts sufficient to indicate that any of his constitutional rights were violated and none of his constitutional rights were violated."

On December 28, 1976, movant filed with the clerk of the Circuit Court of Mississippi County the following: notice of appeal, application to appeal as a poor person, request for appointment of counsel and for a free transcript. On January 5, 1977, Judge Craig sustained movant's application and appointed Attorneys Hatley and Hopkins to represent him on appeal.

Movant's appeal was docketed in this Court as No. 10583 on January 8, 1977. No further steps to perfect the appeal were taken and after the case was placed on our dismissal docket and movant duly notified, his appeal was dismissed August 4, 1977.

On March 25, 1978, movant filed in the Circuit Court of Mississippi County "Petition For Leave To File An Successive Motion Under Rule 27.26," together with "Motion to Withdraw Guilty Plea, To Vacate, And Set Aside Judgment, And Sentence, Or Correct Sentence To Read 5 Years."

On March 30, 1978, the court granted movant leave to file his successive motion and appointed Attorney Michael O'Rourke to represent him. Grounds alleged in the motion were: his guilty plea was not intelligently and voluntarily made because of threats, coercion, promises, misadvice, and mistreatment while jailed; ineffective assistance of counsel because his attorney neglected or refused to investigate the facts and was biased and prejudiced against movant, and, his attorney was coerced by the prosecutor or conspired with the prosecutor to secure his conviction and deny him effective assistance of counsel; the court failed to comply with the law governing the acceptance of guilty pleas and the court was without jurisdiction to accept his guilty plea because he had not been afforded a preliminary hearing on the crime he was sentenced for by the court.

On December 20, 1978, the trial court overruled and dismissed the successive motion, finding, inter alia; that the motion did not demonstrate why the movant did not raise all of the grounds for relief in his 1976 motion; that the motion did not allege reasons why he did not or could not have raised the present grounds in his earlier motion; that movant had failed to allege any grounds that would entitle him to relief and the allegations of his motion were refuted by the record. The court further found that the punishment was within the statutory range for the crime charged, that the plea was voluntary, and that movant was not entitled to an evidentiary hearing, or entitled to relief.

No timely appeal was taken from the December 20, 1978, order. On April 5, 1979, this Court granted movant leave to file an appeal out of time. Notice of appeal was filed and docketed as No. 11358 in this Court. Different counsel was appointed to represent movant and the case ultimately submitted. An opinion was adopted by Division One of this Court affirming the judgment of the trial court but on movant's application the Supreme Court of Missouri ordered the case transferred to that court.

On July 14, 1981, six years and one day after Trooper Campbell was seriously wounded, *Flowers v. State*, 618 S.W.2d 655 (Mo. banc 1981), ruled the judgment dismissing the 1978 motion be reversed and the cause remanded to the trial court with directions to conduct an evidentiary hearing and to make findings of fact and conclusions of law on whether movant's counsel abandoned him on appeal from the denial of

his 1976 motion or whether movant indicated he did not wish to pursue, or waived, the appeal. The opinion stated that if the trial court found "the former, then the court should vacate the 1976 judgment and enter a new judgment therein, with the time for appeal commencing to run from the date thereof. If the trial court finds the latter, then the 1976 judgment should remain undisturbed and the court should enter judgment against Flowers in the present case." Id. 618 S.W.2d at 657.[3]

On remand of the case to the Circuit Court of Mississippi County, the Honorable Anthony J. Heckemeyer conducted a hearing and made and filed findings of fact and conclusions of law. The court found that movant did not waive his appeal and never indicated he did not wish to pursue his appeal of the 1976 motion. Further, that counsel did not knowingly abandon movant in his appeal. The court found that Attorneys Hopkins and Hatley were appointed to represent movant in his appeal on January 5, 1977; that Judge Craig allowed Attorney Hatley to withdraw from the case but that neither Attorney Hopkins nor movant received notice of Hatley's withdrawal and both believed he was prosecuting the appeal. The court thereupon vacated the 1976 judgment overruling movant's first motion to vacate and entered a new judgment overruling that motion. Notice of appeal was timely filed, appealing from the findings, conclusions and order entered by Judge Craig in denying movant's original motion to vacate his sentence.

The case is now before us as No. 12528. The limits of our review of Judge Craig's findings, conclusions and judgment in the 1976 motion are spelled out by Rule 27.26(j) and, consequently, are not to be disturbed unless we determine they are "clearly erroneous." Pierce v. State, 604 S.W.2d 668 (Mo.App.1980).

Movant's 1976 motion does not aver that his plea of guilty was involuntary but as noted earlier his alleged "grounds" are directed to events which purportedly took place at the hands of law enforcement officers at the time of his arrest and while he was confined in the two county jails.[4] Nevertheless, we assume that the real thrust of his allegations are that his plea was involuntary, and, therefore, the sentence and judgment entered January 13, 1976, should be vacated. Treating his second motion to vacate, filed before the hearing on his initial motion, as an amendment to his original motion, as did Judge Craig, his remaining "grounds" are that the punishment for his offense was limited to a maximum of five years imprisonment and he had ineffective assistance of counsel because he had no contact with his attorney between the time the attorney was appointed to defend him and the time of his guilty plea.

Movant was afforded a preliminary hearing with counsel present. After the preliminary, Attorney Hatley talked to movant and discussed the facts of the case with him several times. Movant and his attorney appeared in the Circuit Court of New Madrid County each time the case was considered there, including arraignment, and they conferred on such occasions. Furthermore, Judge Craig specifically inquired of movant if he had conferred with his attorney and received an affirmative answer. Movant told the court that he had talked to his attorney about his proposed plea. The court records and sentencing transcript clearly show that movant's con-

3. Chief Justice Donnelly filed a dissenting opinion which quoted Judge Wasserstrom of the Western District in Williams v. State, 507 S.W.2d 664, 666 (Mo.App.1974):

"Were a prisoner permitted to challenge the effectiveness of his legal counsel at the first 27.26 hearing by means of filing a second 27.26, then he could likewise challenge his representation at the second hearing by filing a third 27.26, and so on ad infinitum. That patent absurdity would intolerably clutter the courts and would reduce the whole legal process to ridicule."

4. At the November 17, 1976, hearing the court was advised that the matters of alleged police brutality and mistreatment were the subject of a pending federal civil rights suit by movant and his brother against numerous officers. We note that the jury resolved the issues against plaintiffs and in favor of the defendants.

tention concerning his attorney is without merit, aside from the fact that the charge of ineffective assistance of counsel is immaterial and foreclosed where a guilty plea was voluntarily entered by a defendant. *Bryant v. State*, 608 S.W.2d 101 (Mo.App. 1980).

■ Movant's guilty plea was entered six months after he was arrested and approximately two months after he had been granted a change of venue to Mississippi County. His motion did not allege any mistreatment, abuse, threats, or coercion by Mississippi County authorities. Alleged conditions of a county jail do not constitute grounds for vacating a guilty plea. *Carter v. State*, 599 S.W.2d 958 (Mo.App.1980); *Woods v. State*, 564 S.W.2d 333 (Mo.App. 1978). Neither do alleged threats and ill treatment by jail custodians. *Peck v. State*, 467 S.W.2d 884 (Mo.1971). Furthermore, as we shall shortly see, movant's plea was not induced by mistreatment or coercion.

As we earlier noted herein, Judge Craig, a trial judge with more than twenty years experience at the time of the plea, interrogated movant (and his brother) at great length and explained his rights to him, and the consequences of his proposed plea, before accepting his guilty plea. Omitting the questions directed to movant's brother and the brother's answers, the sentencing transcript reflects the following:

"THE COURT: (After reading the information aloud) Now, do you understand the charge?

JAMES FLOWERS: Yes, sir.

. . . . .

THE COURT: The last question I asked . . . was whether or not you have conferred with your attorney and know what plea you want to enter to the charge that I read to you.

JAMES FLOWERS: Yes, sir.

. . . . .

THE COURT: James, do you know what plea you want to enter?

JAMES FLOWERS: Yes, sir.

THE COURT: What plea?

JAMES FLOWERS: Guilty.

. . . . .

THE COURT: And James, how old are you?

JAMES FLOWERS: Thirty-nine.

THE COURT: How much formal education did you have, James?

JAMES FLOWERS: Eighth grade.[5]

. . . . .

THE COURT: You . . . understand that you have a right to have a jury trial and have a jury determine this case?

JAMES FLOWERS: Yes, sir.

THE COURT: You understand that, James?

JAMES FLOWERS: Yes, sir.

. . . . .

THE COURT: If a jury trial was held, the jury would first determine whether or not you were guilty, and if they found you guilty, fix the punishment. You understand?

JAMES FLOWERS: Yes, sir.

THE COURT: You would have a right to confront the witnesses, have witnesses cross examined by your attorney, understand?

JAMES FLOWERS: Yes, sir.

THE COURT: If the Court accepts your plea of guilty, there will be no witnesses or jury called.

JAMES FLOWERS: Yes, sir.

. . . . .

THE COURT: James, you understand that?

JAMES FLOWERS: Yes, sir.

THE COURT: You further understand if you are tried by a jury, the jury would determine, under the instructions of the Court, before they could find you guilty they would have to find you guilty beyond a reasonable doubt; you understand that, James?

JAMES FLOWERS: Yes, sir.

. . . . .

---

5. In his 1978 motion movant alleged he only had a *3rd* grade education.

THE COURT: Has anyone made you any promise in connection with entering a plea of guilty, James?

JAMES FLOWERS: No, sir.

. . . . .

THE COURT: *James, have any of the officers mistreated you or has anyone brought any force on you to press upon you the fact that you wanted to enter a plea of guilty?*

JAMES FLOWERS: *No, sir.* [Our emphasis].

. . . . .

THE COURT: James, have you had any intoxicants to drink today?

JAMES FLOWERS: No, sir.

THE COURT: Any strong drugs?

JAMES FLOWERS: No, sir.

THE COURT: Strong medication of any kind?

JAMES FLOWERS: No, sir.

THE COURT: Your mind is clear?

JAMES FLOWERS: Yes, sir.

THE COURT: You understand what I have talked to you about?

JAMES FLOWERS: Yes, sir.

THE COURT: You understand that the Court fixes the punishment if we accept your plea of guilty?

JAMES FLOWERS: Yes, sir.

THE COURT: James, you understand that?

JAMES FLOWERS: Yes, sir.

. . . . .

THE COURT: The Court may listen to recommendations of the Prosecuting Attorney and also your attorney, but the Court is not bound by those recommendations. James, do you understand that?

JAMES FLOWERS: Yes, sir.

. . . . .

THE COURT: This decision to enter a plea of guilty, James, is that your decision?

JAMES FLOWERS: Yes, sir.

THE COURT: You have thought about it?

JAMES FLOWERS: Yes, sir.

THE COURT: You have talked to your lawyer about it?

JAMES FLOWERS: Yes, sir.

THE COURT: That is your decision?

JAMES FLOWERS: Yes, sir.

[Prosecutor recited facts]

THE COURT: James, are those the facts?

JAMES FLOWERS: Yes, sir.

. . . . .

THE COURT: Now, the range of punishment in this case is from two years in the penitentiary to life in the penitentiary. You understand that, James?

JAMES FLOWERS: Yes, sir.

. . . . .

THE COURT: The Court must stay within the range, that is, I cannot sentence you to less than two years in the penitentiary or more than life. You understand that, James?

JAMES FLOWERS: Yes, sir.

. . . . .

THE COURT: And after hearing what the Prosecuting Attorney has said in reference to the facts, you want the Court to accept your plea, James?

JAMES FLOWERS: Yes, sir."

Judge Craig made a finding that movant's plea was voluntarily entered, allocution was granted and movant sentenced and given credit for 187 days of jail time.

■ We have no difficulty in concluding, as did the trial court, that movant's plea of guilty was intelligently and voluntarily made. The plea record made wholly refutes any contention that the guilty plea was constitutionally tainted.

The information charged a violation of § 559.180, RSMo 1969, movant was formally arraigned twice on this charge, and the punishment imposed was within the statutory range.

■ An evidentiary hearing was not required in ruling movant's 1976 motion because Rule 27.26(e) eliminated the necessity of such a hearing where "[T]he motion and the files and records of the case conclusively

show that the prisoner is entitled to no relief ...." And, "A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead facts, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by ... [the record]." *Smith v. State*, 513 S.W.2d 407, 411 (Mo. banc 1974), cert. denied, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975); *Hogshooter v. State*, 514 S.W.2d 109 (Mo.App.1974).[6]

The judgment is affirmed.

MAUS, C. J., and TITUS and FLANIGAN, JJ., concur.

**6.** At the time of movant's motion Rule 27.26 did not require counsel to be appointed unless the motion presented questions of law or issues of fact. Following *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978) the rule was changed so that "When an indigent prisoner files a pro se motion, the court shall immediately appoint counsel to represent the prisoner." Rule 27.-26(h). In making this change and requiring findings of fact and conclusions of law, whether with or without an evidentiary hearing [27.-26(i)], *Fields* states: "Finality is a central aspect of rule 27.26." 572 S.W.2d at 483. As noted in the dissenting opinion by Chief Justice Donnelly in *Flowers v. State*, 618 S.W.2d at 658, the rule has "proved to be an exercise in futility." Thus far the Chief Justice's suggested changes in Rule 27.26 and a new Rule 27.27 have not borne fruit and our post-conviction proceeding remains a mere stepping stone en route to the hinterlands of federal habeas corpus.