Theodore R. SANDERS,
Movant-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 50483.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 26, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Sept. 24, 1986.

Deborah Lynn Doak, Asst. Public Defender, Clayton, for appellant.

Elizabeth Ann Levin, Asst. Atty. Gen., Jefferson City, for respondent.

KELLY, Judge.

Movant-appellant, Theodore R. Sanders, appeals from the judgment of the Circuit Court of the County of St. Louis denying his Rule 27.26 motion without an evidentiary hearing.

Appellant was initially convicted of rape, however, his conviction was reversed and remanded on April 13, 1982. *State v. Sanders*, 634 S.W.2d 525 (Mo.App.1982). The state presented new charges, and appellant pled guilty on January 17, 1983, to rape in violation of § 566.030 RSMo (1978). Appellant's plea was entered pursuant to a plea agreement with the state. He was sentenced to twelve years imprisonment.

On August 2, 1984, appellant filed a motion to set aside his guilty plea and vacate his sentence. Appellant bases his claim for relief under Rule 27.26 on the contention that his trial counsel failed to inform him of or pursue his speedy-trial defense, and thus his guilty plea was not knowing and voluntary.

The entry of the guilty plea here ended all questions based upon either statutory or constitutional guarantees of a speedy trial. *Skelton v. State*, 578 S.W.2d 323, 325[3] (Mo.App.1979). When an accused pleads guilty to an offense, effectiveness of counsel is material only to the extent that it affects whether the guilty plea was voluntarily and knowingly made. *Oerly v. State*, 658 S.W.2d 894, 896[2] (Mo. App.1983); *Flowers v. State*, 632 S.W.2d 307, 311–312[2] (Mo.App.1982). The transcript of the guilty plea hearing conclusively shows that the appellant fully understood whether or not to accept the plea agreement. A portion of the plea transcript reads as follows:

Q. Do you understand, sir, the—that you're charged with the felony of rape on April 12th, 1980? And, do you understand the nature of that charge?

A. Yes.

Q. Now, have you had the opportunity to discuss this matter with your lawyer, Mr. Deghroony?

A. Yes.

Q. As a matter of fact, you were scheduled for trial this morning and you were preparing for trial, were you not?

A. Yes.

Q. Have you fully informed him about the entire case?

A. Yes.

Q. And, do you believe that based upon what you have told him and on what he has learned through his own investigation, that he's fully informed about this entire matter?

A. Yes.

Q. Has he explained to you all of your legal rights and all your legal defenses, if any, to this case?

A. Yes.

Q. Has he also explained to you the consequences of your pleading guilty?

A. Yes.

Q. One of those, that you may have to serve time in the penitentiary?

A. Yes.

Q. And, has he also explained to you the range of punishment in this case?

A. Yes.

The plea of guilty transcript also reveals that appellant understood that if he would enter a plea of not guilty that he would be entitled to a trial.

A trial court is required to grant a movant an evidentiary hearing on a motion under Rule 27.26 only if the motion alleges facts, not conclusions, which, if true, would

entitle him to relief, and such allegations are not refuted by the files and records in the case. *Smith v. State,* 513 S.W.2d 407, 411[1] (Mo. banc 1974), *cert. denied,* 420 U.S. 911, 95 S.Ct. 832, 43 L.Ed.2d 841 (1975); *Barnett v. State,* 618 S.W.2d 735, 736[1] (Mo.App.1981). The record conclusively shows that before accepting the guilty plea, the trial court had questioned appellant extensively to ensure the voluntariness of his plea.

■ Appellate review of a denial of post conviction relief sought in a motion to vacate is "limited to a determination of whether or not the findings, conclusions, and judgment of the trial court are clearly erroneous." *Leigh v. State,* 673 S.W.2d 788, 790[5] (Mo.App.1984); Rule 27.26(j). Findings and conclusions are clearly erroneous only if, after reviewing the entire record, this court is left with the definite and firm impression that a mistake has been made. *Bryant v. State,* 608 S.W.2d 101, 102–103[2, 3] (Mo.App.1980); *Keller v. State,* 566 S.W.2d 260, 263[6, 8] (Mo.App. 1978).

We hold that appellant, by entering his plea of guilty, waived his claim that his trial counsel was ineffective in failing to pursue his speedy trial defense. The record here fully establishes the voluntariness of his plea.

Judgment affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.