**Hosea JACKSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 51836.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

May 19, 1987.

David Earl Woods, Public Defender, Poplar Bluff, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

In 1984, movant was tried for capital murder of his live-in girlfriend. We affirmed his conviction on the lesser included charge of second degree murder. *State v. Jackson*, 663 S.W.2d 312 (Mo.App.1983). This appeal involves a summary denial without evidentiary hearing of movant's claims for post-conviction relief under Rule 27.26.

Movant filed a pro se motion alleging 36 grounds for relief. With the exception of the first ground all of the claims relate to matters of trial court error in the criminal trial and relate to errors in the admission or refusal of evidence, failure to sustain a motion in limine, refusal to grant mistrial, matters occurring before trial involving proceedings before an Associate Circuit Judge, permissive late endorsement of a witness for the state, admission of evidence on matters not disclosed pursuant to pretrial orders, matters of plain error, and failure of the state to make a submissible case. Excepting once more the first ground none of these complaints fall within the purview of Rule 27.26.

The first claim relates to ineffective assistance of counsel and alleges:

"Counsel failed to properly investigate, question, and secure testimony from witnesses who had relevant facts and information. Movant was denied his right to secure counsel of his choice to represent him during trial. Counsel failed to properly brief all relevant issues on appeal, in fact the movant had to file a supplemental brief to cover issues not briefed by counsel ..."

Movant filed supplemental amendments to his motion which allege generally denial of a constitutional right to fair trial, impartial jury and, failure to properly instruct on the charge of capital murder.

Appointed counsel filed an amended motion for relief under Rule 27.26. The amendment incorporated all the pro se grounds. On the question of ineffective assistance of counsel the amended motion alleged that trial counsel would be a witness and testify that movant was told he could not retain private counsel; that trial counsel failed to preserve for appellate review denial of movant's request for a pretrial psychiatric examination; failed to preserve as an issue that movant, a black, was being tried by an all white jury; that counsel failed to preserve in after trial motions technical matters dealing with failure to timely swear the jury, and evidentiary errors. Counsel's amended motion also tested ineffective assistance of counsel for failure of trial counsel to call a pathologist who defendant "believes" would have testified that the cause of death was something other than a gun-shot wound; that trial counsel failed to demonstrate that the arresting officer was a friend of the deceased; and, that trial counsel was ineffective for failure to seek an *appellate* court order upon the trial court to reverse a decision of the trial court that the defendant was not entitled to a free copy of the transcript of movant's preliminary hearing after the trial court refused to order its production. The latter ground rests upon an allegation that the transcript of preliminary hearing was necessary to impeach a witness for the state who movant recalls testified in one manner at the preliminary hearing and otherwise at trial on where he saw defendant at some time before the shooting.

The scope of Rule 27.26 is to test jurisdiction, scope of sentence, and sentences imposed in violation of the constitution and laws of the United States and this state. Under this standard the only claim of error pleaded in the motion which may be recognized is the specified claims of ineffective assistance of counsel. An evidentiary

hearing is required if issues of fact are raised in the motion which are not directly contradicted by the verity of the records of the court. Rule 27.26(e). We review to determine whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j).

■ Movant first claims that trial counsel was ineffective for failure to call Dr. Mary Case as a witness for the defense. Ordinarily, the choice of witnesses and defense tactics are matters of trial strategy, *Williams v. State*, 566 S.W.2d 241, 243 (Mo.App.1978), and will not support a claim of ineffective assistance of counsel. *Smith v. State*, 714 S.W.2d 834, 835 (Mo.App.1986). Movant testified at trial that the deceased approached him with a gun, a struggle ensued, the gun went off and the victim was shot. At most, the testimony of Dr. Case would have merely confirmed movant's own testimony. The defense was based upon "a closed wound and an accidental homicide." Trial counsel stated during the trial that he knew Dr. Case would testify that her autopsy findings "would not preclude a closed wound." Because the testimony of Dr. Case would have added nothing new and beneficial to the facts we find the record at trial supports the finding of no ineffective assistance of counsel as alleged in movant's pleadings.

Because of our finding of movant's first claim of error it is unnecessary for us to review the second claim which contends error by the motion court in finding a decision of trial counsel not to call Dr. Case was pursuant to an agreement or decision made by movant. Movant argues here that the motion court misinterpreted the agreement when it found that movant agreed with trial counsel that the only witness to be called was someone other than Dr. Case. In fact trial counsel presented seven witnesses in addition to movant's testimony, one of whom was the person movant requested as a witness. We held in *Taylor v. State*, 585 S.W.2d 260, 262 (Mo.App.1979) that counsel is not ineffective for failure to call a witness who would merely bolster defendant's testimony.

■ Movant's claim that trial counsel was ineffective for failure to show that the arresting officer had a relationship with the deceased and therefore a personal motive in making the arrest will not support a finding that the trial was constitutionally infirm. The simple reason for this conclusion is that the police officer was not a witness at trial. Even if the arresting officer had a bias based on personal reasons that would not, in itself, make the arrest and subsequent prosecution voidable on constitutional grounds.

■ Plaintiff's fourth claim of error by the motion court is in finding that trial counsel was not ineffective for failure to obtain a copy of a transcript of preliminary hearing for use in impeaching a witness for the state. A motion for a copy of the transcript was denied by the trial court. The trial record indicates that there may have been an independent court reporter hired by the prosecutor at the preliminary hearing. Even if we assume there was a transcript the motion does not allege facts from which it could be found that a witness gave conflicting testimony, given, defendant's testimony of the circumstances of the shooting. The record of the trial court demonstrates that there was no substantive conflict which served to deny movant a fair trial.

Movant also alleges that trial counsel failed to investigate and inquire on voir dire whether any member of the panel had worked with the decedent or her father, an eye-witness to some of the events. This contention is refuted by the trial transcript which reflects that these issues were the subject matter of questions to the panel.

■ Finally, movant claims a procedural failure to make findings of fact and conclusions of law on matters alleged in the motion as required by Rule 27.26(i). This claim of error is directed at an allegation that the trial court failed to rule on movant's motion in limine to prevent the testimony of a witness for the state who refused to discuss the case with movant's trial counsel before trial. Findings must be responsive to the matters alleged in the

**256**

motion for post-conviction relief, but need not be itemized. *Jones v. State,* 604 S.W.2d 607, 609 (Mo.App.1980). What is required is that the findings be sufficient for an appellate court to determine from them whether they are clearly erroneous. *Cherry v. State,* 625 S.W.2d 681, 682 (Mo. App.1981). Movant specifically claims there was no finding of fact on "Point 28." Point 28 merely claims trial error in overruling a pretrial motion in limine to prevent the testimony of a witness. Such motion is preliminary and subject to trial court objection. For this reason a ruling on the motion is not a ground for error on direct appeal. In any event this allegation is not reviewable under a 27.26 motion. It therefore makes no difference whether or not the trial court made a finding on the claim.

DOWD, P.J., and SIMEONE, J., concur.