**Adrian Lamont BROWN,
Defendant–Appellant,**

v.

**STATE of Missouri,
Plaintiff–Respondent.**

No. 53640.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 3, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Dorothy Mae Hirzy, Sp. Public Defender, David C. Hemingway, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Adrian Lamont Brown appeals from the trial court's denial of his Rule 27.26 motion without an evidentiary hearing. Appellant's motion claimed that he received ineffective assistance of counsel rendering involuntary his guilty plea to burglary and robbery in the first degree, rape, sodomy and armed criminal action. The trial court held that the plea was knowingly and voluntarily given. Appellant argues that the trial court's findings of fact and conclusions of law did not adequately address his claims and were insufficient to allow for appellate review. In addition, he asserts that the trial court erred in denying his motion without an evidentiary hearing. Finding appellant's claims to be without merit, we affirm.

Appellate review of a motion to vacate "is limited to a determination of whether or not the findings, conclusions and judgment of the trial court are clearly erroneous." *Sanders v. State*, 716 S.W.2d 844, 846 [5] (Mo.App.1986). Findings and conclusions are clearly erroneous when the court has a firm feeling that a mistake has been made. *Id.*

If the trial court's findings of fact and conclusions of law on the voluntariness of the guilty plea sufficiently cover all points raised by appellant in his post-conviction motion to permit meaningful appellate review of the trial court's judgment, then those findings of fact and conclusions of law should be sufficient. *McCoy v. State*, 610 S.W.2d 708, 709 [2] (Mo.App.1981); Rule 27.26(i). In order to be sufficient, it is not necessary that the findings of fact and conclusions of law be specifically itemized, but they must be responsive to the points alleged in appellant's motion, and they must allow for appellate review to determine whether they are clearly erroneous. *Jackson v. State*, 729 S.W.2d 253, 255–56 [5] (Mo.App.1987).

Appellant asserts that his plea was not made voluntarily, knowingly or intelligently because of his attorney's lack of preparation, coercion and solicitation of appellant's mother to coerce appellant's guilty plea. We note that effectiveness of coun-

sel is relevant only on the issue whether the guilty plea was entered voluntarily. *Sanders,* 716 S.W.2d at 845 [1].

A movant seeking post-conviction relief on grounds of involuntariness of his guilty plea is entitled to an evidentiary hearing if he pleads facts, not conclusions which, if true, would entitle him to relief; if such facts are not refuted by the guilty plea record; and if such facts would result in prejudice to the appellant. *Thomas v. State,* 605 S.W.2d 792, 794 [3] (Mo. banc 1980); *Smith v. State,* 743 S.W.2d 900, 901 [4, 5] (Mo.App.1988). Where the guilty plea record conclusively shows that appellant entered his plea voluntarily and knowingly, appellant is not entitled to relief. Reference to the plea record may refute appellant's post-conviction motion and no evidentiary hearing is necessary. *Colbert v. State,* 486 S.W.2d 219, 221 [2] (Mo.1972). Each of appellant's grounds raised in his motion are refuted by the guilty plea transcript. Therefore, the trial court did not err in ruling without an evidentiary hearing.

The trial court did not specifically address each of appellant's claims. If the trial court had answered each claim separately its findings of fact and conclusions of law would have been clearer. However, its findings are sufficient for appellate review since the trial court expressly referred to the guilty plea record as the basis for its denial of appellant's motion. We address each of appellant's claims.

Appellant contends that his attorney was not prepared because his attorney did not interview him until the day before the guilty plea hearing. The record shows that appellant's attorney met with him prior to the guilty plea hearing and was present at the hearing. Neither appellant nor his attorney indicated a need or requested more time in which to consult or prepare. *State v. McMillian,* 383 S.W.2d 721, 722 [1] (Mo.1964). Thus, this point is without merit.

Appellant claims that his attorney misled him into believing that a charged co-defendant would testify against him on behalf of the state. Regardless that appellant's co-defendant pleaded guilty, the state could have subpoenaed appellant's co-defendant. Thus this allegation bears no substance, as his attorney properly informed appellant of this likelihood.

In addition, appellant claims that his attorney did not pursue a defense of mistaken identification. Ordinarily, choice of witnesses and defense tactics are matters of trial strategy, *Williams v. State,* 566 S.W. 2d 241, 243[6] (Mo.App.1978), and are not sufficient basis for a claim of ineffective assistance of counsel. *Jackson v. State,* 729 S.W.2d at 255[1]. We find no reason to conclude otherwise.

Appellant also asserts several grounds of coercion by his attorney. In claiming that the plea was induced by coercion and, thus, not voluntary, appellant must show wherein and by what mistake, misapprehension, persuasion or holding out of hope which proves to be false or ill-founded. *Toler v. State,* 542 S.W.2d 80, 83[4] (Mo.App.1976). Appellant failed to allege sufficient facts of coercion which would require an evidentiary hearing to prove the coercion.

Appellant states that his attorney coerced him into pleading guilty by telling him that his fingerprints would insure his conviction if he went to trial, and his attorney told him that he "could not beat the case". These are not coercive statements; they reflect the attorney's opinion on the merits of the case. Appellant also claims that his attorney persuaded his mother to coerce him to plead guilty. Even if his mother did encourage the guilty plea, this does not constitute legal coercion. *See e.g. State v. Maloney,* 434 S.W.2d 487, 494[2, 4] (Mo.1968).

Our review of the record of the guilty plea hearing confirms the trial court's determination that the appellant's guilty plea was entered voluntarily and knowingly. An excerpt from the guilty plea transcript reveals the following exchange:

THE COURT: Now, do you understand what you are being charged with in this case?

APPELLANT: Yes.

THE COURT: Have you discussed this matter with your attorney?

APPELLANT: Yes, Sir.

THE COURT: Now, other than advised you to tell the truth, did your lawyer tell you to say anything else?

APPELLANT: No.

. . . . .

THE COURT: And are you satisfied with Miss White's [appellant's attorney's] services ... in this case?

APPELLANT: Yes.

THE COURT: Do you claim to have any defense against these charges?

APPELLANT: No, Sir.

THE COURT: Are you pleading guilty with a full awareness in fact, that you are guilty of the claims charged?

APPELLANT: Yes, Sir.

THE COURT: Now, has any officer or any branch of any government, Federal, State, or local, or any other persons made any promises or threats to induce you to plead guilty here today?

APPELLANT: No, Sir.

The plea transcript clearly refutes any claim of ineffective assistance of counsel and involuntariness of the plea, and negates the need for an evidentiary hearing. We conclude that the findings of fact and conclusions of law were not clearly erroneous.

Judgment affirmed.

KAROHL, P.J., and SMITH, J., concur.