**Bruce DOUTHIT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55946.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 12, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Michael C. Todt, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Appellant challenges the denial of his 24.035 motion without an evidentiary hearing. We affirm.

On August 20, 1981 appellant pled guilty to nine separate charges including rape, sodomy, arson and robbery. All sentences ran concurrent with the highest single sentence amounting to twenty-five years.

On June 27, 1988 appellant filed a pro-se motion for post-conviction relief under Rule 24.035. Appellant alleged that he pled guilty because his appointed counsel had assured him that his sentence would only be fifteen years. In addition, appellant stated that his attorney had instructed him to answer in the negative during the plea hearing when asked by the court if he had received promises that induced his plea. The motion court denied his motion, finding that his assertions of attorney malfeasance were refuted by the transcript of the plea hearing. This appeal followed.

First, we note that the standard of review of the trial court's action on the motion filed under Rule 24.035 "shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(j).

The applicable law upon this issue was set out by the trial judge in his order denying appellant's motion:

> To prevail on an ineffective assistance of counsel claim, a movant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State;* 738 S.W.2d 856, 857 (Mo. banc 1987). The two-part Strickland test applies to cases involving guilty pleas. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). After a plea of guilty, the ineffectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour v. State,* 741 S.W.2d 683, 688

(Mo.App.1987). *DeHart v. State;* 755 S.W.2d 611 (Mo.App.1988).

Thus, appellant must prove that his counsel's actions rendered his plea involuntary. An evidentiary hearing is only required if the appellant "pleads facts, not conclusions, which, if true, would entitle him to relief, if such facts are not refuted by the guilty plea record, and if such facts would result in prejudice to defendant." *Brown v. State,* 755 S.W.2d 414, 416 (Mo.App. 1988).

Our review of the transcript of the guilty plea hearing convinces us that the denial of the 24.035 motion was justified. The transcript reflects the great care taken by the sentencing court to preserve the rights of appellant by extensive explanations of the legal process coupled with repeated questions to appellant to ensure that he understood the proceedings and was pleading guilty voluntarily. We conclude that the findings of fact and conclusions of law were not clearly erroneous.

Judgment affirmed.

SIMON and HAMILTON, JJ., concur.