Edgar L. **DAVIS**, Movant–Appellant,

v.

**STATE of Missouri, Respondent.**

No. 15467.

Missouri Court of Appeals,
Southern District,
Division Two.

July 21, 1988.

1. All references to rules are to Missouri Rules of Court, V.A.M.R. Rule 27.26 was repealed, effective Jan. 1, 1988, by order of the Supreme Court of Missouri, and new rules were adopted in lieu thereof. On the instant appeal, post-conviction

David E. Woods, Poplar Bluff, for movant-appellant.

William L. Webster, Atty. Gen., Karen A. King, John M. Morris, Asst. Attys. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

Movant Edgar L. Davis appeals from an order denying, without an evidentiary hearing, his Rule 27.26 [1] motion to set aside judgments, each based on a guilty plea, entered in two separate cases in the Circuit Court of Ripley County. The first judgment imposed a two-year sentence for burglary and the second judgment imposed a two-year sentence for escape from confinement which was to run consecutively to the burglary sentence.

Movant's sole contention is that he was entitled to an evidentiary hearing, and the trial court erred in ruling otherwise, because his motion adequately pleaded that his guilty pleas to both informations were involuntary in that each was entered as a result of duress exerted by counsel who represented movant when the pleas were entered.

■ Appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). In order to qualify for an evidentiary hearing, movant must meet three requirements: (1) The motion must allege facts, not conclusions, warranting relief; (2) those facts must raise matters not refuted by the files and records in the case; (3) the matters complained of must have resulted in prejudice to the defendant. *Elmore v. State*, 748 S.W.2d 860, 861[1, 2] (Mo.App.1988). For the reasons which follow, this court holds that element (1) was not met and it is unnecessary to consider elements (2) and (3).

relief continues to be governed by the provisions of Rule 27.26, because the sentences were pronounced prior to Jan. 1, 1988, and movant's motion under Rule 27.26 was then pending. See Rule 24.035(*l*), effective Jan. 1, 1988.

■ Movant argues here that requirement (1) was satisfied because his motion alleged that his counsel at the plea hearing "forced [movant] to accept the plea offer from the State, which was two years in each felony charge, with the two years running consecutively with each other *because she told him he could accept the State's plea bargain or stand trial for both offenses.*" (Emphasis added)

■ The flaw in movant's position is that there is nothing in the statement allegedly made by counsel which is erroneous or unsound. Defendant was charged with both offenses and each charge would have proceeded to trial in the absence of a guilty plea, or at least movant's motion failed to allege facts showing such was not the situation. Sound advice by counsel does not constitute coercion merely because it is unpleasant to hear. See *Smith v. State,* 513 S.W.2d 407, 411[3] (Mo. banc 1974); *Wade v. State,* 698 S.W.2d 621, 623[4–5] (Mo.App. 1985).

Movant's reliance on *Mallett v. State,* 716 S.W.2d 902 (Mo.App. 1986), is misplaced. In *Mallett* the Rule 27.26 motion alleged that counsel had given certain advice. This court said, at 906: "Such advice, if given, would be unsound." In the instant case the statement attributed to counsel is not facially unsound. Indeed it is facially sound and movant's motion contained no additional allegations showing or tending to show that it was in fact unsound.

The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.