**Donald BAYKOWSKI, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 55909.

Missouri Court of Appeals,
Eastern District,
Division One.

June 20, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Application to Transfer Denied
Sept. 12, 1989.

Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

On January 29, 1981, movant entered guilty pleas to two counts of burglary in the second degree, two counts of felony stealing, tampering in the first degree, false imprisonment, three counts of assault in the third degree, and assault in the first degree. Movant was sentenced to a variety of terms all to run concurrently for a total of seventeen years.

On June 28, 1988, movant filed a Rule 24.035 motion to set aside his conviction on the charge of assault in the first degree for which he was sentenced to seventeen years' imprisonment. The incidents giving rise to many of the abovementioned charges arose when movant attacked his estranged wife at her mother's home. Movant tried to force his wife into the stolen vehicle he was driving, but she broke away from him and fled inside her mother's house. Movant followed his wife inside

and engaged in a physical altercation with both his wife and her mother. Movant struck his wife with his fist and attempted to strike her with a knife. Wife's mother intervened and was cut by the knife. It was for the latter assault that movant was convicted of assault in the first degree.

Movant contends the trial court erred in summarily dismissing his motion because his allegations that counsel failed to investigate his case and instructed him to lie to the court were not refuted by the record and, therefore, entitled him to an evidentiary hearing. Moreover, movant claims his counsel's failure to investigate the facts and circumstances of his case or research the law, gave him the choice of pleading guilty or going to trial with an unprepared attorney in violation of his constitutional rights. We will discuss each of movant's allegations in turn.

Movant first alleged his counsel was ineffective in failing to interview, investigate or take depositions of his wife and her mother, the victim of the assault. In his amended motion, movant detailed what each of these witnesses would have testified to and alleged he had asked defense counsel to contact them but he refused. He stated these actions by his attorney gave him no choice but to plead guilty. This allegation is refuted by movant's testimony at the plea hearing where he stated he was satisfied with his attorney's representation and he was entering guilty pleas because he was, in fact, guilty.

This same analysis holds true for movant's allegation that his attorney acted merely as an agent for plea bargaining, neither interviewing nor discussing movant's case with him until the day of the plea hearing and never discussing movant's possible defenses with him or showing him police reports. Movant testified at the plea hearing that he had sufficient time to discuss his case with his attorney; they had discussed the facts and circumstances surrounding the charges; and they had discussed any possible defenses he may have had to the same. This, coupled with movant's expressed satisfaction with his attorney, refutes these allegations.

Movant also alleged his attorney told him he would get a life sentence if he went to trial on the charges, but he would only get seventeen years if he pled guilty. This allegation is refuted by movant's assertion at his plea hearing that he had not pled guilty because of any threat or in exchange for any promise. Moreover, we note that movant faced the possibility of life imprisonment if convicted of assault in the first degree as charged. §§ 565.050 and 558.011.1(1), RSMo 1986. It would not have been ineffective assistance of counsel for his attorney to inform him of this fact. *Thomas v. State,* 759 S.W.2d 622, 623 (Mo. App.1988).

Movant next asserted his counsel was ineffective because when movant told him he was "intoxicated on whiskey and morphine on the day of the [crime] and was also under great emotional stress" counsel informed him this was no defense to the crimes charged. Although the version of § 562.076 in effect at the time considered intoxication due to drugs and/or alcohol as a defense in limited circumstances, movant has made no showing it would have constituted a defense in his case. In order to utilize an intoxication defense, movant would have had to prove his state was such as to negate the specific intent required for the crime he was charged with. § 562.076, RSMo 1978. More specifically, he would have had to prove he did not knowingly cause serious physical injury to his mother-in-law when he stabbed her. The mere fact that movant was intoxicated on the day of the offense would not have constituted a defense, and his attorney was not ineffective if he informed movant of that fact.

Movant also claimed his attorney ignored his request for a psychiatric evaluation. The record of the guilty plea hearing belies this allegation. Movant testified he did not believe himself to be mentally ill or incompetent in any way. This refutes movant's allegation that he believed himself to be mentally ill or in need of a psychiatric evaluation.

Finally, movant claimed defense counsel instructed him to lie to the court during the

plea hearing, but not to inform the court that he was lying. Even if this were true, it would not entitle movant to relief because it would not show his guilty plea was involuntary. *LaRose v. State*, 724 S.W.2d 339, 340[3] (Mo.App.1987).

For all of the abovementioned reasons, we find movant was entitled to no relief and his motion was properly dismissed. Rule 24.035(g).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.