Denorval Maurice **BLAINE**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 55893.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 15, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 13, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Michael Lee Henderson, Clayton, Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial, without an evidentiary hearing, of his motion to vacate judgment and sentence pursuant to Rule 29.15. We affirm.

Movant was found guilty by a jury of murder in the second degree for acting with another in the death of a fellow prison inmate. Movant was sentenced to forty-nine years' imprisonment set to run consecutively with a prior sentence. Movant's conviction was affirmed by this court on direct appeal in *State v. Blaine*, 719 S.W.2d 900 (Mo.App.1986).

Movant filed a pro se motion pursuant to Rule 29.15. An amended motion was filed by appointed counsel on October 24, 1988. In his motion movant alleged his right to effective assistance of counsel was violated due to the trial counsel's failure to investigate the involvement of another individual who may have been responsible for the homicide.

A pre-trial conference was held on November 9, 1988. Movant appeared through counsel. The motion court determined formal hearing was not necessary. On November 28, 1988, the motion court set forth its findings of fact, conclusions of law and order overruling movant's motion.

Movant alleges the motion court erred in overruling his Rule 29.15 motion without an evidentiary hearing where he alleged facts, not conclusions, which if proved would establish ineffective assistance of counsel because he informed trial counsel another individual had reason to kill the victim and was seen leaving the victim's room.

Appellate review of the trial court's action on the motion filed under

Rule 29.15 is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.-15(j). The standard for determining whether an evidentiary hearing is warranted under Rule 29.15 is the same as was used under the repealed Rule 27.26. Movant must plead facts, not conclusions, which if true would warrant relief. The facts pleaded must not be refuted by the record and matters complained of must have resulted in prejudice to movant. *Baker v. State*, 680 S.W.2d 278, 281[3] (Mo.App.1984). The claim an attorney's investigation of a case is inadequate must allege what specific information the attorney failed to discover, that reasonable investigation would have discovered the information, and the information would have aided or improved movant's position. *Laws v. State*, 708 S.W.2d 182, 187 [9–12] (Mo.App.1986). If the movant fails to state facts to which the unproduced witness would testify or the testimony would have aided movant, an evidentiary hearing is not warranted. *Ahart v. State*, 732 S.W.2d 256, 257–258 [2, 3] (Mo. App.1987).

 Here, movant merely states in his motion he indicated to trial counsel "Benny Roseberry may have been responsible for the homicide" and "trial counsel failed to investigate or subpoena Benny Roseberry." In his pro se motion, movant alleges Roseberry was "seen leaving the victim['s] room and it was known that Roseberry had reason to murder victim." Movant, however, fails to provide facts supporting his allegation such as the names of the witnesses who saw Roseberry leaving the victim's room or what reasons Roseberry had to murder the victim. Further, movant fails to allege reasonable investigation would have discovered this information, the information would have aided movant and trial counsel's ineffectiveness resulted in prejudice to him. Conjecture or speculation on the part of movant is not sufficient to establish the required prejudice. *Hogshooter v. State*, 681 S.W.2d 20, 21–22[4] (Mo.App.1984). The motion court's determination movant failed to plead facts to support his conclusions and thus an eviden-

tiary hearing was not warranted was not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.