**James BROYLES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56606.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 30, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1990.

Application to Transfer Denied
April 17, 1990.

Lucy G. Liggett, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Chief Judge.

Movant, James Broyles, appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We affirm.

On May 26, 1987, movant pled guilty to twelve counts of harassment, Class A misdemeanors in violation of § 565.090 RSMo 1978, and one count of promoting prostitution in the first degree, a Class B felony in violation of § 567.050 RSMo 1978. He was sentenced to serve a total of two years for the harassment counts and a consecutive term of ten years for the count of promoting prostitution in the first degree. Execution of the ten year sentence was suspended, and movant was placed on probation for five years. On January 29, 1988, movant's probation was revoked, and his ten year sentence was ordered executed.

On April 14, 1988, movant filed a *pro se* motion under Rule 24.035. A request for an evidentiary hearing on the motion was made July 28, 1988. After appointment of counsel, an amended motion was filed

which incorporated by reference the allegations contained in the original *pro se* motion. On March 30, 1989, the motion court denied the Rule 24.035 without an evidentiary hearing.

In his sole point, movant alleges that the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because he alleged sufficient facts regarding ineffective assistance of counsel to warrant a hearing; to wit: (1) trial counsel failed to investigate the facts of movant's case by failing to interview and depose witnesses as requested by movant; (2) trial counsel failed to conduct pretrial investigation; (3) trial counsel failed to discuss the nature of the charges against movant; (4) trial counsel failed to explain the nature of the proceedings against movant; (5) trial counsel failed to obtain a psychological evaluation of movant; (6) trial counsel threatened movant into pleading guilty by telling him that he would be "hung out to dry" if his case went to trial; and (7) trial counsel told movant to answer "yes" or "no" to the questions posed by the trial judge such that movant "felt that he could not speak freely at the plea of guilty." Thus, movant claims he was denied effective assistance of counsel, due process, and equal protection of the law.

Initially, we note that none of movant's seven contentions are supported by citation of authority as required by Rule 84.04(d). In our discretion, however, we shall review his contentions *ex gratia*. The sole case cited in movant's brief is used to support the proposition that movant is entitled to an evidentiary hearing if he alleges facts which warrant relief. That is insufficient. To be entitled to an evidentiary hearing on a Rule 24.035 motion: (1) movant must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and record in the case; and (3) the matters complained of must have resulted in prejudice to movant's defense. *Barker v. State*, 776 S.W.2d 451, 452[1] (Mo.App.1989).

Appellate review of a motion court's ruling on a Rule 24.035 motion "shall be limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous." Rule 24.035(j); *Barker*, 776 S.W.2d at 452. The findings and conclusions of the motion court will be deemed clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that a mistake has been made. *Barker*, 776 S.W.2d at 452. Further, once a guilty plea results, adequacy of representation bears only upon whether the plea was voluntarily or knowingly made. *Sederes v. State*, 776 S.W.2d 479, 480[3, 4] (Mo.App.1989). With these principles in mind, we now turn to movant's contentions.

■ In his first contention, movant argues that the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because trial counsel was ineffective in not investigating movant's case by failing to interview and depose witnesses as requested by movant. His *pro se* motion lists the names and addresses of several witnesses that movant wanted trial counsel to investigate. Movant's second contention, that trial counsel was ineffective for failing to conduct pretrial investigation, is duplicative of his first contention in that movant argues the same failure to interview witnesses. Those contentions will be addressed together.

"The claim [that] an attorney's investigation of a case is inadequate must allege what specific information the attorney failed to discover, that reasonable investigation would have discovered the information, and the information would have aided or improved movant's position." *Blaine v. State*, 778 S.W.2d 700, 702[1–3] (Mo.App. 1989). "If the movant fails to state facts to which the unproduced witness would testify or the testimony would have aided movant, an evidentiary hearing is not warranted." *Id.* Neither the *pro se* nor the amended motion states the facts to which these witnesses would testify or that their testimony would have aided movant. Therefore, the motion court's denial of these contentions was not clearly erroneous. *Id.*

■ Movant's third contention argues that the motion court erred in denying his

Rule 24.035 motion without an evidentiary hearing because trial counsel was ineffective by failing to discuss the nature of the charges against movant. The fourth contention is similar to the third in that it alleges that trial counsel did not explain the nature of the proceedings against movant. We shall address these contentions together.

The transcript of movant's guilty plea reveals the following colloquy between the movant and the trial court:

Q. Have you had an opportunity to discuss these various charges against you with your attorney, [trial counsel]?

A. Yes, I have.

Q. And have you taken advantage of that opportunity and spent time with him and explained to him the facts surrounding all of these various charges against you?

A. Yes, sir.

Q. Has [trial counsel] taken time to consult and confer with you and advise you as to your legal rights?

A. Yes, he has.

Q. Has he advised you as to the consequences and effect of pleas of guilty here today to these various charges?

A. Yes.

Q. Mr. Broyles, are you satisfied that [trial counsel] has done an adequate and competent job of representing you as your attorney?

A. Yes.

The record clearly refutes movant's contentions that trial counsel did not discuss the nature of the charges or explain the nature of the proceedings against movant. The motion court's denial of these contentions was not clearly erroneous.

■ In his fifth contention, movant alleges that the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because trial counsel failed to obtain a psychological evaluation of movant. In the argument portion of his brief, movant argues that he requested a psychological evaluation and volunteered to see a doctor. Neither the *pro se* nor the amended motion states that movant requested a psychological evaluation. Further, movant stated during his guilty plea that he did not feel that he was suffering from any mental illness or disease for which he should receive psychiatric care. "This refutes movant's allegation that he believed himself to be mentally ill or in need of a psychiatric evaluation." *Baykowski v. State*, 775 S.W.2d 239, 240 (Mo. App.1989). The motion court's denial of movant's contention was not clearly erroneous.

■ In his sixth contention, movant argues that the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because trial counsel was ineffective in that he threatened movant into pleading guilty by telling movant that he would be "hung out to dry" if his case went to trial. As a result, movant's guilty plea was coerced.

Trial counsel has a duty to advise his client of the strength of the state's case. *Green v. State*, 777 S.W.2d 295, 298[1–3] (Mo.App.1989). Advice will not constitute coercion merely because it is unpleasant to hear. *Davis v. State*, 754 S.W.2d 593, 594[3] (Mo.App.1988). Movant's contention alleges that trial counsel coerced movant into pleading guilty. The transcript of movant's guilty plea reveals the following exchange between movant and the trial court:

Q. Mr. Broyles, have you been threatened or intimidated or in any way forced to plead guilty against your will?

A. No, sir.

Q. You are pleading guilty because you are, in fact, guilty of the charges against you?

A. Yes, sir.

Q. And because you think you'd be better off to plead guilty than you would be to go to trial?

A. Yes, sir.

Q. Are your pleas of guilty being made voluntarily and of your own free will?

A. Yes, sir.

The record clearly refutes movant's contention that he was threatened by trial counsel and that his guilty plea was coerced. The motion court's denial of this contention was not clearly erroneous.

Movant's final contention alleges that the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because trial counsel was ineffective in that he told movant to answer "yes" and "no" to the questions posed by the trial judge. As a result, movant "felt that he could not speak freely at the plea of guilty."

We have reviewed the transcript of movant's guilty plea and note that movant did not confine himself to "yes" or "no" answers, therefore we fail to see how movant felt as though he could not speak freely. Further, neither the *pro se* nor amended motion states what facts to which movant would have testified. Movant has failed to demonstrate how he was prejudiced. Thus, the motion court's denial of this contention was not clearly erroneous. An evidentiary hearing on the motion was not warranted.

Judgment affirmed.

DOWD, P.J., and JOSEPH J. SIMEONE, Senior Judge, concur.