

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

CLIFFORD E. PORTER, )
)
Appellant, )
)
v. ) WD77422
)
STATE OF MISSOURI, ) Opinion filed: January 26, 2016
)
Respondent. )

**APPEAL FROM THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**
**THE HONORABLE JANET L. SUTTON, JUDGE**

Before Division Three: Joseph M. Ellis, Presiding Judge,
Karen King Mitchell, Judge and Gary D. Witt, Judge

Clifford Porter appeals from the Circuit Court of Clay County's denial of his Rule 24.035 motion for post-conviction relief following an evidentiary hearing. For the following reasons, the motion court's ruling is affirmed.

Appellant was charged by information with one count of burglary in the first degree, § 569.160,[1] and one count of robbery in the second degree, § 569.030, related to an incident occurring on February 19, 2011, in Liberty, Missouri. On January 6, 2012, Appellant appeared before the court and, pursuant to a plea agreement with the State, entered a plea of guilty to both counts. In exchange for his plea, the State agreed to

[1] All statutory references are to RSMo 2000 as updated through the 2010 Cumulative Supplement unless otherwise noted.

argue for no more than consecutive sentences of ten years on the two counts. Defense counsel was free to argue for a lesser sentence. After questioning Appellant about his understanding of the plea agreement and the rights he would be waiving, the plea court found that Appellant's plea was knowingly, intelligently, and voluntarily entered and accepted the plea.

At the sentencing hearing, in conformance with the plea agreement, the State argued for consecutive sentences of ten years on each count. Defense counsel argued for the imposition of concurrent sentences. Ultimately, the trial court sentenced Appellant to consecutive terms of ten years on the burglary count and five years on the robbery count.

Subsequently, Appellant filed a timely motion for post-conviction relief under Rule 24.035. An amended motion was later filed by appointed counsel. In relevant part, Appellant contended that plea counsel had been ineffective for convincing him that he would receive a maximum sentence of concurrent terms of ten years on each count. He claimed that, had he known he could receive a total sentence greater than ten years, he would not have pleaded guilty and would have insisted on proceeding to trial.

Following an evidentiary hearing, the motion court entered its findings of fact and conclusions of law denying Appellant's motion. It found that Appellant's claim that counsel told him he would receive no more than ten years imprisonment was refuted by the record and testimony elicited at the evidentiary hearing. Appellant challenges that determination on appeal.

Appellate review of the motion court's denial of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly

2

erroneous. *Hastings v. State*, 308 S.W.3d 792, 795-96 (Mo. App. W.D. 2010) (quoting *Rule 24.035(k)*). "A motion court's findings and conclusions are clearly erroneous only if the Court, after reviewing the entire record, is left with the definite and firm impression that a mistake has been made." *Gehrke v. State*, 280 S.W.3d 54, 56-57 (Mo. banc 2009). "We presume that the motion court's findings and conclusions are correct, and defer to the motion court's determinations of credibility." *Nichols v. State*, 409 S.W.3d 566, 569 (Mo. App. E.D. 2013).

In his sole point on appeal, Appellant argues that the motion court clearly erred in overruling his motion because the evidence established that plea counsel provided ineffective assistance of counsel by assuring him that he would receive concurrent sentences if he pleaded guilty. He further contends that, had he been informed he might receive a longer total sentence, he would not have pleaded guilty and would have insisted on going to trial.

"To prevail on an ineffective assistance of counsel claim, a movant . . . must show that (1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances and (2) he was prejudiced thereby." *Thornton v. State*, 456 S.W.3d 435, 438-39 (Mo. App. W.D. 2014). "If the movant fails to satisfy either the performance prong or the prejudice prong of the test, the appellate court need not consider the other, and the claim of ineffective assistance of counsel must fail." *Id*. at 439.

By pleading guilty, a defendant "waive[s] any claim that counsel was ineffective except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Miller v. State*, 260 S.W.3d 393, 394 (Mo. App. W.D.

3

2008).  Accordingly, "[w]hen a movant pleads guilty, claims of ineffective assistance of counsel are relevant only to the extent they affect the voluntariness with which a plea was made." *Jones v. State*, 211 S.W.3d 210, 213 (Mo. App. S.D. 2007).

"Neither a disappointed expectation of a lesser sentence, nor a mere prediction as to sentencing by counsel that proves incorrect, is sufficient to render a guilty plea involuntary." *Lynn v. State*, 417 S.W.3d 789, 801 (Mo. App. E.D. 2013) (internal quotation omitted).  A mistaken belief about sentencing will only be found to have affected a movant's ability to knowingly enter a guilty plea if (1) the mistake is reasonable and (2) is based upon a positive representation upon which the movant was entitled to rely.  *Id*.

At the evidentiary hearing, plea counsel testified that he told Appellant that he would try to argue for concurrent sentences and that there were a couple of strong arguments that could be made.  He stated that he told Appellant that he might get concurrent time but that he did not make any promise to Appellant regarding the sentence he would receive.  The motion court found counsel's testimony credible.

Counsel's testimony clearly refuted Appellant's contention that counsel promised him that he would receive concurrent sentences and would not receive a total sentence of more than ten years imprisonment.  "[A] motion court does not clearly err in denying a claim that the movant was misled about his sentence where the attorney testifies at an evidentiary hearing the alleged misadvice was never given."  *Id*. (internal quotation omitted).

At most, the comments made by counsel to Appellant amounted to a mere prediction regarding what sentence the plea court might impose and could not be

4

deemed sufficient to render the plea involuntary. "[A]n errant prediction or advice of counsel does not render a plea involuntary, nor does an expectation of a lighter sentence than actually received." *Glover v. State*, 2015 WL 3759425 at *5 (Mo. App. E.D. 2015).

Moreover, even if counsel had made an affirmative representation to Appellant regarding his sentence, in light of the clear language of the plea petition and the plea court's explanation of the sentencing range available to the court, Appellant could not have had a reasonable belief that he was guaranteed not be sentenced to more than a total of ten years imprisonment. In his Petition to Enter Plea of Guilty, which was signed on every page by Appellant, Appellant stated that his attorney had informed him that the range of punishment was five to thirty years imprisonment. He further stated:

> I understand that the Court is not required to follow recommendations made by the Prosecutor or to grant relief the Prosecutor does not oppose.
>
> It has been made clear to me that in Clay County plea agreements are not binding on the Court. This means I will not be able to withdraw my plea of guilty and have a trial if the Judge does not follow the Prosecutor's recommendation(s) or does not grant relief that is not opposed by the Prosecutor.
>
> I know that the length of my sentence and whether I receive probation are matters solely within the control of the Judge. I hope to receive leniency, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose. ***I know there are no promises or guarantees of probation, or what the sentence will be in this case, or whether the sentence will be consecutive to or concurrent with any other sentences***.

(Emphasis added). Appellant later stated:

> I understand the judge is not required to accept the terms of my plea agreement.

5

I understand that if the judge does not accept the sentencing agreement, I will not be allowed to withdraw my plea.

I understand the judge will reject any plea bargain that attempts to bind the court to impose any particular sentence.

I understand I will not be allowed to withdraw my plea of guilty if the judge does not follow the recommendation for sentence made by my lawyer(s), or the prosecutor, or in the Sentence Assessment Report.

I understand that my sentence may be more severe than agreed to by me, my lawyer(s), and the prosecutor, but must be within the lawful range of punishment.

As to the terms of the plea agreement, the petition stated:

Count I – The State will request 10 years in MODOC. Count II – The State will request 10 years in the MODOC consecutive to Count I. The defense is free to ask for any disposition. The State does not agree to waive SAR.

At the plea hearing, Appellant testified that he had had sufficient time to go over the plea petition with his attorney, that he had signed each page of the petition, that he had read all of the questions, and that the answers provided were his own. He further testified that there was nothing in the petition that he did not understand. Subsequently, the following exchange occurred with regard to the sentencing range available to the court:

The Court: You understand, Mr. Porter, under Missouri law that the range of punishment for those two offenses is five to fifteen years and those sentences, being separate offenses, you could be sentenced to fifteen and fifteen which is thirty years. Do you understand that?

The Defendant: Yes, sir.

In light of the clear statements contained in the plea petition and the court's explanation of the sentencing range at the plea hearing, it would not have been reasonable for Appellant to have believed any representation made by counsel that

6

concurrent sentences would be imposed and/or that he was guaranteed not be sentenced to more than ten years imprisonment.  Point denied.

The motion court's decision is affirmed.


_____
Joseph M. Ellis, Judge

All concur.