

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| RICHARD E. ROBERTSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | **WD78927** |
| v. | ) | |
| | ) | **OPINION FILED:** |
| | ) | **October 11, 2016** |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Jack R. Grate, Jr., Judge**

**Before Division IV:** Mark D. Pfeiffer, Chief Judge, and
James Edward Welsh and Alok Ahuja, Judges

Mr. Richard E. Robertson ("Robertson") appeals the judgment of the Circuit Court of Jackson County, Missouri ("motion court"), denying his Rule 24.035[1] motion for post-conviction relief. Robertson argues that the motion court's decision was clearly erroneous because his guilty plea to the class C felony of failure to register as a sex offender was not made knowingly and voluntarily. We affirm.

---

[1] All rule citations are to the MISSOURI COURT RULES 2016 unless otherwise indicated.

**Factual and Procedural Background**

Robertson was charged by information in lieu of indictment with the class C felony of failing to register as a sex offender, § 589.425.[2] On February 7, 2014, Robertson pled guilty to that charge pursuant to an agreement that the State would not request a sentence in excess of three years' imprisonment and would not charge Robertson as a prior and persistent felony offender.

During Robertson's guilty plea hearing, Robertson stated he understood that by pleading guilty, he was waiving certain rights and that he had a right to plead not guilty. He confirmed that plea counsel had discussed his constitutional rights with him, and he knew that he was giving up his right to a trial by pleading guilty. Upon entering his guilty plea, Robertson explicitly confirmed that he was pleading guilty because he was guilty. The plea court[3] asked Robertson if he was pleading guilty freely and voluntarily and he responded, "Yes, I am, Sir." The plea court asked him if anyone was forcing him to plead guilty, and Robertson responded, "No one is threatening me or forcing me in any way." In response to the plea court's questioning, Robertson further testified that he had not been offered anything other than the plea agreement to induce him to plead guilty. He also advised the plea court that he was satisfied with the services of his attorney, affirmatively noting that his plea counsel had "been [an] effective assistant in all regard[s]."

Upon finding that Robertson's guilty plea had been freely and voluntarily made with a full understanding of the range of punishment and consequences of the plea, the plea court accepted Robertson's guilty plea. The plea court found that there was a factual basis for the plea and that it was not the result of force or threats or any promises except the plea agreement.

---

[2] All statutory citations refer to the Revised Statutes of Missouri 2000, as supplemented.

[3] Robertson's guilty plea was made to the Circuit Court of Jackson County, Missouri. For ease of reference in our ruling today, we have referred to the circuit court accepting the plea as the "plea court" and the circuit court presiding over Robertson's Rule 24.035 motion as the "motion court."

Following the entry of his guilty plea, Robertson was sentenced to thirty months in prison. Robertson subsequently filed a *pro se* Rule 24.035 motion for post-conviction relief, arguing that his plea attorney had coerced him into pleading guilty and that his plea was, thus, not knowing and voluntary. The motion court appointed post-conviction relief counsel for Robertson and said counsel timely filed an amended Rule 24.035 motion on Robertson's behalf. The motion court held an evidentiary hearing on Robertson's Rule 24.035 motion, after which the motion court entered judgment denying the motion.

Robertson timely appealed.

## Standard of Review

Our review of a motion court's ruling denying a Rule 24.035 motion is limited to a determination of whether the motion court's judgment was clearly erroneous. *See Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009); Rule 24.035(k). The motion court's judgment is clearly erroneous only if, after reviewing the entire record, "the court is left with the definite and firm impression that a mistake has been made." *Roberts*, 276 S.W.3d at 835. The movant bears the burden of proving by a preponderance of the evidence that the motion court clearly erred in its ruling. *Id. See also* Rule 24.035(i). On appeal, the facts must be viewed in the light most favorable to the motion court's judgment. *See Rousan v. State*, 48 S.W.3d 576, 579 (Mo. banc 2001). When reviewing a motion court's ruling, we presume the motion court's findings are correct. *Barton v. State*, 432 S.W.3d 741, 748 (Mo. banc 2014).

**Analysis**

On appeal, Robertson contends that the motion court clearly erred in denying his Rule 24.035 motion for post-conviction relief on the basis that his guilty plea was unknowing and involuntary because his plea attorney improperly coerced him into pleading guilty.[4]

"[G]uilty pleas induced by fraud, mistake, misapprehension, fear, coercion, promises, or because the accused was misled are not voluntary." *State v. Hicks*, 394 S.W.3d 422, 426 (Mo. banc 2013). Because involuntary pleas implicate the pleader's fundamental constitutional rights, "[i]f the accused has been misled or induced to plead guilty by fraud, mistake, misapprehension, fear, coercion, or promises, the defendant should be permitted to withdraw his guilty plea." *Samuel v. State*, 284 S.W.3d 616, 619 (Mo. App. W.D. 2009) (internal citation omitted). "In claiming that the plea was induced by coercion and, thus, not voluntary, appellant must show wherein and by what mistake, misapprehension, persuasion or holding out of hope which proves to be false or ill-founded." *Brown v. State*, 755 S.W.2d 414, 416 (Mo. App. E.D. 1988) (citing *Toler v. State*, 542 S.W.2d 80, 83 (Mo. App. 1976)).

At the evidentiary hearing on his Rule 24.035 motion, Robertson argued that his guilty plea should be set aside because his plea counsel coerced him into pleading guilty by advising Robertson that he would likely lose at trial, that counsel had no viable defense theory to excuse his failure to register as a sex offender, and that he was facing the possibility of being charged as a prior and persistent offender and a ten-year maximum prison sentence if he went to trial and lost.[5]

---

[4] Robertson also contends that the plea court erred in failing to grant his *pro se* request for a continuance prior to his plea. However, because Robertson did not raise that claim in his amended Rule 24.035 motion, he did not preserve the claim for appeal, and we do not address it here. *See* Rule 24.035(d); *Anglin v. State*, 157 S.W.3d 400, 402 (Mo. App. W.D. 2005) (allegations of error not raised in post-conviction motion are waived on appeal). Further, in our review of the record on appeal, we see no evidence that Robertson did, in fact, ever request a continuance from his plea hearing or the trial date that was then pending, other than Robertson's self-serving testimony during his Rule 24.035 evidentiary hearing that he had done so.

[5] Though not included in his point relied on, Robertson also claims error in the argument section of his appellate brief relating to his allegation that plea counsel convinced Robertson's mother to encourage him to plead

Of note, Robertson has presented no evidence suggesting that any of the advice provided by his plea counsel was mistaken, misleading, or in any way false.

"[Plea] counsel has a duty to advise [her] client of the strength of the State's case. Advice will not constitute coercion merely because it is unpleasant to hear." *Broyles v. State*, 785 S.W.2d 685, 688 (Mo. App. E.D. 1990) (citation omitted). "Neither a disappointed expectation of a lesser sentence, nor a mere prediction as to sentencing by counsel that proves incorrect, is sufficient to render a guilty plea involuntary." *Porter v. State*, 480 S.W.3d 455, 458 (Mo. App. W.D. 2016) (internal quotation omitted). *See also White v. State*, 954 S.W.3d 703, 706 (Mo. App. W.D. 1997) ("An attorney's mere prediction of a sentence or of punishment the court will impose does not necessarily constitute coercion which renders a guilty plea involuntary."); *Simons v. State*, 719 S.W.2d 479, 481 (Mo. App. S.D. 1986) ("For counsel to predict the possibility of a lengthy sentence following a jury trial does not amount to a coerced and involuntary plea.").

Here, Robertson's complaint is, essentially, that his plea counsel was brutally honest with him about the strength of the State's case against him; yet, that was plea counsel's *duty*, no matter how *unpleasant* it was for her client to hear this information. As noted above, Robertson does not offer any suggestion in his Rule 24.035 motion as to any viable defense that he *could* have raised, which calls into question the legitimacy of any complaint with his plea counsel's advice in that regard. *See Davis v. State*, 754 S.W.2d 593, 594 (Mo. App. S.D. 1988) ("The flaw in movant's

---

guilty. "It is well settled that errors raised for the first time in the argument portion of a brief, and that are not raised in the point relied on, need not be considered by this court." *Howell v. State*, 357 S.W.3d 236, 248 (Mo. App. W.D. 2012). *See also* Rule 84.04(e); *State v. Tooley*, 875 S.W.2d 110, 114-15 (Mo. banc 1994) (issues raised for the first time in the argument section of the appellate brief are waived). That said, *ex gratia*, we note that Missouri courts have long concluded that familial encouragement does not constitute unlawful coercion. *See*, *e.g.*, *Van Ralston v. State*, 824 S.W.2d 75, 80 (Mo. App. E.D. 1991) (noting that mother's and sister's possible influence on defendant to plead guilty did not render the plea involuntary); *Brown v. State*, 755 S.W.2d 414, 416 (Mo. App. E.D. 1988) (mother's encouragement of defendant son to plead guilty did not constitute coercion) (citing *State v. Maloney*, 434 S.W.2d 487, 494 (Mo. 1968)).

position is that there is nothing in the statement allegedly made by counsel which is erroneous or unsound.").

As the motion court found, "[s]imply having to make a difficult choice between pleading guilty with a three year sentence or going to trial with a possibility of up to ten years does not constitute coercion." Based on the record before us, there simply is no evidence that Robertson's plea counsel did anything other than perform her duty of advising Robertson about the strength of the State's case). His plea counsel's advice was not mistaken or false, and plea counsel's communication of this information does not constitute coercion invalidating Robertson's guilty plea.[6]

Robertson's point on appeal is denied.

**Conclusion**

The judgment of the motion court is not clearly erroneous and, accordingly, is affirmed.

_____
Mark D. Pfeiffer, Chief Judge

James Edward Welsh and Alok Ahuja, Judges, concur.

---

[6] Further, the plea transcript also supports the motion court's rejection of Robertson's claim that his guilty plea was involuntary. At the plea hearing, the plea court explained to Robertson the nature of the charge against him and the possible penalties, that he had the right to a jury trial with counsel, and that he was waiving this right upon a plea of guilty. Robertson repeatedly stated that no one had threatened him in any way to plead guilty, nor had he been offered anything other than the plea agreement to induce him to plead guilty. Robertson not only told the plea court that he was satisfied with the services of his attorney, he offered his plea counsel a compliment by stating that she had "been [an] effective assistant in all regard[s]." Additionally, the plea court recited what the State's evidence would show, thus establishing the existence of a factual basis for the plea, and Roberson agreed to that version of the facts. These assurances support the motion court's determination that Robertson's guilty plea was made voluntarily with a full understanding of the range of punishment and the consequences of the plea. *See*, *e.g.*, *Porter v. State*, 480 S.W.3d 455, 458-59 (Mo. App. W.D. 2016) (record demonstrated that clear language of plea petition, plea court's explanation of sentencing range, and defendant's assurances of understanding and voluntariness at plea hearing discredited claim that his guilty plea was coerced); *Broyles v. State*, 785 S.W.2d 685, 688-89 (Mo. App. E.D. 1990) (transcript of plea hearing demonstrated that defendant's assurances of understanding and voluntariness at plea hearing discredited claim on appeal that his guilty plea was coerced).

6